# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**E.K.,**
**Petitioner Below, Petitioner**

**vs.)    No. 19-0134** (Kanawha County 18-SAP-46)

**R.L.,**
**Respondent Below, Respondent**

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner E.K.,[1] self-represented litigant, appeals the January 9, 2019, order of the Circuit Court of Kanawha County denying his petition for a personal safety order ("PSO") against Respondent R.L.[2] Respondent, self-represented litigant, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent are two men who live in the same neighborhood in Charleston, West Virginia. In January 2018, petitioner converted his residence into a duplex, used the residence's second entrance, and began to park on the same street as respondent parked his vehicles. These actions led to a dispute between the parties.

---

[1]Because this appeal involves the issuance of a personal safety order, the parties' names are confidential pursuant to West Virginia Code §§ 53-8-2(a) and (b)(1).

[2]As discussed below, West Virginia Code §§ 53-8-1 through 17 govern the issuance of PSOs.

1

While a public road, the street at issue was underdeveloped, and, in May 2018, the City of Charleston approved petitioner's request to extend the street to his residence by laying down gravel consistent with "[c]ity [s]tandards [and] the subdivision regulations." Prior to making the approved improvements, petitioner alleges that respondent used the street as a parking lot for respondent's vehicles. Petitioner alleges that respondent's vehicles block the dead-end street and prevent him from reaching his residence. Respondent counters that petitioner speeds on the street.

On November 17, 2018, petitioner filed a petition in the Magistrate Court of Kanawha County requesting a PSO against respondent. In the petition, petitioner alleged that respondent showed petitioner his middle finger, and told petitioner that he "better watch [his] back" and threatened that he was "going to whip [petitioner's] ass." Based on the allegations set forth in the petition, the magistrate court granted petitioner a temporary PSO and set the final hearing for November 26, 2018. By order entered on November 26, 2018, the magistrate court continued the final hearing to December 7, 2018, finding that respondent had not been served with the petition and the temporary PSO. The parties appeared for the December 7, 2018, final hearing. Following that hearing, the magistrate terminated the temporary PSO and denied the petition for a PSO. In its December 7, 2018, order, the magistrate found that there were "no credible threats" by respondent to do bodily injury to petitioner and that the parties were engaged in "a property dispute."

Petitioner appealed the denial of a PSO against respondent to the Circuit Court of Kanawha County, which held a bench trial on January 8, 2019.[3] At trial, petitioner argued that the issue was not the parties' dispute over the use of the street on which they both live. Petitioner reiterated his position that respondent threatened to do him bodily injury. Respondent denied threatening petitioner. After hearing the parties' testimony, the circuit court stated that it understood why the magistrate court called the parties' conflict "a property dispute." By order entered on January 9, 2019, the circuit court denied the PSO, finding that the parties' testimony was insufficient to grant the petition as it was "one party's word against the other's."

Petitioner now appeals the circuit court's January 9, 2019, order. We apply the standard for reviewing an order entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

---

[3]West Virginia Code § 53-8-9 provides that appeals from a magistrate court's order denying a PSO are heard de novo by the circuit court.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996). West Virginia Code § 53-8-7(a)(2) provides, in pertinent part, that a court "[m]ay issue a final [PSO] to protect the petitioner if the court finds by a preponderance of the evidence that: (A)(i) The respondent has committed an act specified in subsection (a), section four of this article [West Virginia Code § 53-8-4(a)] against the petitioner[.]"

On appeal, petitioner argues that he should be granted a PSO against respondent based on West Virginia Code § 53-8-4(a)(3), which provides that a party may file a petition for a PSO if there are "repeated credible threats of bodily injury when the person making the threats knows or has reason to know that the threats cause another person to reasonably fear for his or her safety." Respondent counters that the circuit court properly denied petitioner's petition for a PSO. We agree with respondent.

"An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Rule 52(a) of the West Virginia Rules of Civil Procedure further provides that, in all actions tried upon the facts without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Here, based on our review of the record, including the January 8, 2019, trial transcript, we find no cause to disturb the circuit court's finding that the parties' testimony was insufficient to grant petitioner a PSO. Therefore, we conclude that the circuit court did not err in denying the petition for a PSO.

For the foregoing reasons, we affirm the circuit court's January 9, 2019, order denying the petition for a PSO against respondent.

Affirmed.

**ISSUED:** April 6, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison